**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ROBERT T. FLOYD,** | : | |
| | : | |
| **Plaintiff,** | : | **C.A. No. 04-944 (JJF)** |
| | : | |
| **v.** | : | |
| | : | |
| **GENERAL MOTORS ACCEPTANCE** | : | |
| **CORPORATION and** | : | |
| **SATURN OF NEWARK** | : | |
| | : | |
| **Defendants.** | : | |

**OPENING BRIEF OF DEFENDANT**
**SATURN OF NEWARK**
**IN SUPPORT OF ITS MOTION TO DISMISS**

TYBOUT, REDFEARN & PELL
DANIELLE K. YEARICK, I.D. # 3668
TIMOTHY S. MARTIN, I.D. # 4578
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
(302) 658-4018 (fax)

DATED:      April 25, 2005

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ROBERT T. FLOYD,** | : | |
| | : | |
| **Plaintiff,** | : | **C.A. No. 04-944 (JJF)** |
| | : | |
| **v.** | : | |
| | : | |
| **GENERAL MOTORS ACCEPTANCE** | : | |
| **CORPORATION and** | : | |
| **SATURN OF NEWARK,** | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANT SATURN OF NEWARK'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

TYBOUT, REDFEAN & PELL

BY: _____
DANIELLE K. YEARICK, I.D. # 3668
TIMOTHY S. MARTIN, I.D. # 4578
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Defendant Saturn of Newark

Dated: April 25, 2005

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.  **THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER
       SATURN OF NEWARK** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.  <u>This Court Lacks Jurisdiction over Defendant Saturn of Newark Based on
           Insufficient Service of Process</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            1.  <u>Plaintiff has failed to perfect service within 120 days as required by Rule
               4(m)</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            2.  <u>Floyd has failed to properly serve Saturn of Newark in accordance
               with Rule 4(h)</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        B.  <u>This Court Lacks Jurisdiction of Defendant Saturn of Newark Due to
           Insufficiency of Process.</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    II.  **THE INDUSTRIAL ACCIDENT BOARD ERRED AS A MATTER OF LAW
        BY FAILING TO SET FORTH THE STANDARD FOR ITS DECISION** . . . . 10

        A.  <u>The Standard of Review for Lack of Subject Matter Jurisdiction Arguments</u> . . . 10

        B.  <u>Floyd Has Failed to Sufficiently Plead a Claim of Discrimination to Invoke
           Subject Matter Jurisdiction</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        C.  <u>Subject Matter Jurisdiction Cannot Be Found Based on Floyd's Claim Under the
           Truth In Lending Act</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF CITATIONS AND AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

Gen. Bldg. Contractors Assoc. v. PA United Engrs. and Constructors, et.al.,
    452 U.S. 375 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

McLain v. Real Estate Bd. of New Orleans, Inc.,
    444 U.S. 232  (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**UNITED STATES COURTS OF APPEAL CASES**

Adams v. Allied Gen. Aviation Avionics,
    74 F.3d. 882 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Advocacy Org. For Patients and Providers v. Auto Club Ins. Ass'n.,
    176 F.3d 315 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Ayers v. Jacobs and Crumpler,
    99 F.3d 565 (3d. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Elsman v. Standard Federal Bank,
    2002 WL 31007987 (6th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Gottlieb v. Sandia Am. Corp.,
    452 F.2d 510 (3rd Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Grand Ent. Group Ltd. v. Star Media Sales Inc.,
    988 F.2d 476 (3d. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Kehr Packages, Inc. v. Fidelcor, Inc.,
    926 F.2d 1406 (3d. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

McCurdy v. Am. Bd. of Plasic Surgery,
    157 F.3d 191 (3rd Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Petrucelli v. Bohringer and Ratzinger,
    46 F.3d 1298 (3d. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sys. Signs Supplies v. U.S. Dept. of Justice,
    903 F.2d 1011 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**UNITED STATES DISTRICT COURT CASES**

Argos v. Orthotec LLC,
    304 F.Supp.2d 591 (D.Del. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12, 14

Ayers v. Jacobs and Crumpler,
    1995 WL 704781 (D.Del.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Boltes v. Entex,
    158 F.R.D. 110 (S.D. Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

Crane v. Battelle,
    127 F.R.D. 174 (S.D. Cal. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ericson v. Pollack,
    110 F.Supp.2d 582 (E.D.Mich. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Graves v. Tru-Link Fence Co.,
    905 F.Supp. 515 (N.D.Ill. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Kordus v. Biomark International, LLC.,
    224 F.R.D. 590 (D.Del. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Medtronic Vascular, Inc. v. Boston Scientific Corp.,
    348 F.Supp.2d 316 (D.Del. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Parker v. State of Delaware,
    2000 WL 291537 (D.Del.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Richardson v. Alliance Tire and Rubber Co.,
    158 F.R.D. 475 (D.Kan. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ritter v. Cooper,
    2003 WL 23112306 (D.Del.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Sefton v. Jew,
    204 F.R.D. 104 (W.D.TX. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S. v. Nuttall,
    122 F.R.D. 163 (D.Del. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Vietnam Veterans of American, Inc. v. Guerdon Industries, Inc.,
    644 F.Supp. 951 (D.Del. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Wilson v. Pinkerton, Inc.,
    2004 WL 609327 (D.Del) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**FEDERAL STATUTES AND OTHER AUTHORITIES**

Fed.R.Civ.P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 7, 8

Fed.R.Civ.P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15 U.S.C. § 1601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 10

42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

## NATURE AND STAGE OF PROCEEDINGS

On August 16, 2004, the plaintiff, Robert Floyd ("Floyd") filed a *pro se* action General Motors Acceptance Corporation (hereinafter "GMAC") and Saturn of Newark (hereinafter "SN") seeking damages for an alleged violation of the Truth in Lending Act and a breach of contract in the termination of a lease and purchase of a new vehicle.  (D.I. 1).

On September 7, 2004, GMAC filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.I. 4 and 5).  Subsequent to the filing by GMAC, Floyd, without any direction or request from the Court, filed a Notice of More Definite Statement, which was under the authority of Rule 12(e).  In response to Floyd's filing, GMAC renewed its Motion to Dismiss.

The More Definite Statement filed by Floyd pled a breach of contract claim that has allegedly resulted in Floyd incurring $20,000 in damages.  As SN has not been properly served, the complaint fails to allege any federal question, and the amount in controversy does not exceed $75,000, SN brings this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(1), (2), (4), and (5).

## SUMMARY OF THE ARGUMENT

Under the Federal Rules of Civil Procedure, the court must have both personal jurisdiction and subject matter jurisdiction over a defendant in order for the case to be adjudicated and for the judgment to have a binding affect over the party. A review of the complaint, summons, and court docket indicates that this court lacks both personal and subject matter jurisdiction over defendant SN. A case may be dismissed for lack of personal jurisdiction due to insufficient service of process, insufficiency of process and failure to perfect service within 120 days pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(4) and 12(b)(5). Additionally, if the trial court does not have subject matter jurisdiction, the case can be dismissed under Rule 12(b)(1).

The Rules of Civil Procedure have set forth specific guidelines to ensure that a defendant is properly served. Robert Floyd ("Floyd") has failed to perfect service. The complaint was originally filed August 16, 2004, and Floyd was required to perfect service by January 16, 2005, or show good cause why he has not been able to serve SN. Fed. R. Civ. P. 4(m). Floyd has failed to make service upon SN. The plaintiff has not served SN by a managing, general or registered agent, the manner which is prescribed by Rule 4(h). Further, SN is not even an extant legal entity, whereby, even if service has been made if would be improper as naming the wrong defendant in the suit.

If this court should find personal jurisdiction has been established, this Court lacks subject matter jurisdiction. Under 28 U.S.C. § 1332, a court may retain diversity jurisdiction if there is diversity among the parties and the amount in controversy exceeds $75,000. Plaintiff, in his complaint, prays for only $20,000 in damages. Additionally, subject matter jurisdiction may be had where there is a federal question at issue. Floyd is alleging a breach of contract on the part of SN and GMAC, but has included broad generalized references to discrimination and the Truth in Lending Act. When federal issues are referenced in a complaint that are frivolous and mentioned

purely for the sake of attempting to obtain jurisdiction, the trial court should dismissed the claim for lack of subject matter jurisdiction.

As there is no federal claim at issue and the court does not have diversity jurisdiction under § 1332, this Court should dismiss the claim of Robert Floyd for lack of personal jurisdiction pursuant to Rules 12(b)(4) and (5) or in the alternative for lack of subject matter jurisdiction pursuant to 12(b)(1).

## STATEMENT OF THE FACTS

The present action arises out of the plaintiff, Robert Floyd ("Floyd's") decision to terminate his automobile lease. The facts are based purely on the complaint as alleged by Floyd, and SN does not concede that accuracy of the facts as alleged, which are stated below.

Floyd went to SN in February 2004 in order to explore his option with his expiring lease of a 2001 Saturn. Floyd claims that he began negotiating with a SN sales person who convinced him to purchase a new 2004 Saturn and that GMAC would supposedly waive the remaining payments and Floyd would only have to pay for the excess mileage on the older vehicle if he purchase a new vehicle. Floyd alleges that he did not purchase the vehicle in February 2004, but decided he would exercise his option to purchase his old vehicle.

On May 27, 2004, Floyd returned to SN to continue negotiations for the purchase of a new Saturn. Floyd claims that the sales person at SN said the offer to waive the remaining payments was still an option, and Floyd decided to purchase the vehicle. A loan was obtained through Sun Trust Bank for the purchase of the Saturn. Allegedly, after the sale was complete, the salesperson informed Floyd that he would have to pay for the excess mileage on his old 2001 Saturn. Floyd left the lot with his new Saturn.

Not until June 10, 2004, did Floyd return to SN and left the 2004 vehicle on the lot indicating to salespersons that he wished to return the vehicle. Floyd then sought other vehicles from dealerships, but could not obtain a car loan, as the loan for the returned vehicle still existed on his credit report. On June 14, 2005, Floyd returned to SN and purchased another 2004 Saturn, with the agreement financed through Sun Trust Bank.

<u>**ARGUMENT**</u>

**I.    THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER
SATURN OF NEWARK**

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(h) a corporation, partnership or other

unincorporated association is entitled to proper service made through the legal entity's officer,

managing or general agent, or its registered agent.  The summons issued for service on the legal

entity shall correctly identify the party, and once the summons has been properly served, an affidavit

must be filed to proved that service was in compliance with the Federal Rules.  Fed. R. Civ. P. 4(l).

Floyd  has not properly completed service of process and this court lacks personal jurisdiction over

SN and a dismissal of the plaintiff's complaint is warranted under Rule 12(b)(4) and (5).

      A.    <u>This Court Lacks Jurisdiction over Defendant Saturn of Newark Based on
Insufficient Service of Process</u>.

          1.  <u>Plaintiff has failed to perfect service within 120 days as required by Rule   . . . .
4(m)</u>.

A plaintiff, regardless as to whether he or she is pro se, shall perfect service within 120 days

of the filing of the complaint or show good cause why service was not perfected. Fed.R.Civ.P. 4(m).

If a motion to dismiss the claim for a Rule 4(m) violation is brought, it is the plaintiff's burden to

show good cause why service was unable to be perfected.  <u>Id.</u>

The Third Circuit has created a two part test to determine whether or not an action should

be dismissed if service has not been perfected within 120 days.  <u>McCurdy v. Am. Bd. of Plasic</u>

<u>Surgery</u>, 157 F.3d 191, 196 (3rd Cir. 1998); <u>Parker v. State of Delaware</u>, 2000 WL 291537, 2

(D.Del.).  The first prong requires the court to determine whether good cause exists for the failure

to have effected service in a timely manner, and if the court finds good cause, an extension must be

granted.  <u>Id.</u> Absent a showing of good cause, the second prong grants the court authority to grant

an extension of time to perfect service at its own discretion.  Id.

      In determining whether or not good cause exists, the court should look at: (1) the reasonableness of the plaintiff's efforts to serve; (2) prejudice to the defendant by lack of timely service, and (3) whether the plaintiff moved for an enlargement of the time to serve.  Ritter v. Cooper, 2003 WL 23112306, 2 (D.Del.)(citing U.S. v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988).  If the court finds that good cause does not exist, prior to exercising its discretion to grant an extension of time to perfect service, the court should consider the frivolousness of the plaintiff's complaint, the plaintiff's motivation in pursuing the claim, the objective reasonableness of the claim, and the need to advance considerations of compensation and deterrence.  Id. at 3.

      The fact that the plaintiff is pro se does not constitute good cause for the failure to effect service.  Boltes v. Entex, 158 F.R.D. 110, 113 (S.D. Tex. 1994).  The Boltes court stated, "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  Id. (citing Sys. Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1014 (5th Cir. 1990); Wilson v. Pinkerton, Inc., 2004 WL 609327, 2 (D.Del).  In fact, the District Court as a courtesy to Floyd supplied a copy of Rule 4 to indicate his obligations under the Federal Rules to perfect service and initiate the claim.

      Floyd has not taken any affirmative steps to perfect service.  The complaint was originally filed on August 16, 2004, and the 120 day requirement of Rule 4(m) ran on December 16, 2004. Since the running of the 120 days, Floyd has neither requested a motion to extend time to properly serve both defendants nor filed an affidavit of service.  Floyd has taken a lackluster approach to complying with the Federal Rules.  A discretionary extension of time to properly serve a defendant should not be granted if the plaintiff or plaintiff's counsel makes a "half-hearted" approach to perfect service of process.  Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298,1307 (3d. Cir. 1995).

    2.  <u>Floyd has failed to properly serve Saturn of Newark in accordance</u> . . . . . . . . .
<u>with Rule 4(h).</u>

In the event this court finds service was made upon SN, the service was made improperly and

dismissal is warranted under Rule 12(b)(5).  Rule 4(h)(1) requires that the complaint and summons

be sent to "an officer, a managing or general agent, or to any other agent authorized by appointment

or by law to receive service of process and, if the agent is one authorized by statute to receive service

and the statute so requires."

The determination whether or not an individual is "a managing or general agent" is factual.

<u>Gottlieb v. Sandia Am. Corp.</u>, 452 F.2d 510, 513 (3rd Cir. 1971).  If service is made upon an

individual who is not an officer or director of the corporation, it is the plaintiff's burden to prove that

the individual is a managing or general agent.  <u>Id.</u> at 513.  The individual who accepts service should

be responsible for some substantial phase of the corporation's activity, who's duties are sufficiently

necessary to the corporation's operations.  <u>Id.</u>  Authority to act as an agent for the corporation on one

or two transactions does not rise to the level of authority required by 4(h)(1).  <u>Id.</u>

Floyd has failed to meet his burden to prove that defendant SN was properly served.  An

affidavit of proper service has not been filed with this Court, therefore, Floyd has not shown that

service was made upon an officer, managing or general agent, or a registered agent.  <u>See</u> Fed. R. Civ.

P. 4(l); Court Docket, attached hereto as Appendix A1-A2.

Service of process has not been perfected within 120 days of the filing of the complaint, as

Floyd has failed to properly serve an agent of SN as required by Rule 4(h)(1).  Therefore, in

accordance with Rule 12(b)(5), defendant SN requests that this Court dismiss the complaint against

it for insufficient service of process.

    B.    <u>This Court Lacks Jurisdiction of Defendant Saturn of Newark Due to Insufficiency</u>
<u>of Process.</u>

When a party fails to name the correct party in the complaint and summons, the proper procedure is to file a Motion to Dismiss pursuant to Rule 12(b)(4).  Ericson v. Pollack, 110 F.Supp.2d 582, 584 (E.D.Mich. 2000); Richardson v. Alliance Tire and Rubber Co., 158 F.R.D. 475, 477 (D.Kan. 1994); Crane v. Battelle, 127 F.R.D. 174 (S.D. Cal. 1989).  Although it is acknowledged that the goal of the service of process requirements is to provide notice to the parties in the action, "notice cannot by itself validate an otherwise defective service."  Grand Ent. Group Ltd. v. Star Media Sales Inc., 988 F.2d 476, 486 (3d. Cir. 1993).

Generally, the misnaming of a defendant is not justification to dismiss the entire claim, unless the defendant(s) is unfairly prejudiced or demonstrates a flagrant disregard for the rules.  Ayers v. Jacobs and Crumpler, 1995 WL 704781, 3 (D.Del.)  However, the need to identify the proper corporate defendant is apparent to any practicing attorney.  Adams v. Allied Gen. Aviation Avionics, 74 F.3d. 882, 885 (8th Cir. 1996).  The importance of naming the proper party  on a summons is extremely important as "a summons is process because its service subjects the person served to the court's jurisdiction, which is necessary to validate a judgment that the court might render against the person."  Ayers v. Jacobs and Crumpler, 99 F.3d 565, 568 (3d. Cir. 1996).

Floyd has named SN as a defendant, which is not an extant legal entity.  Floyd has had ample time to correct any service mistakes, but has yet to pursue his claim in a diligent manner consistent with the Federal Rules.  The fact that Floyd has chosen to advocate his claim without the assistance of counsel does not give him the ability to disregard the Federal Rules of Civil Procedure.  Boltes, 158 F.R.D. at 113.  Therefore, given the fact that the plaintiff has disregarded the Federal Rules of Civil Procedure, the claims as to SN should be dismissed pursuant to Rule 12(b)(4) as Floyd has not named the proper party and the complaint and summons are defective on their face.

## II.    THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

In the alternative, should this court find that SN has been properly served or grants an extension to Floyd to served SN, SN prays this Court to dismiss this action pursuant to 12(b)(1) for lack of subject matter jurisdiction. Subject matter jurisdiction is vested in the federal courts by 28 U.S.C. §§ 1331 and 1332. Under § 1331 a federal court has jurisdiction over a case when there is a federal question at stake. A federal court may have diversity jurisdiction over a matter pursuant to § 1332 when the amount in controversy is in excess of $75,000 and there is complete diversity among the parties. Clearly, this court does not have diversity jurisdiction, as Floyd has only claimed damages of $20,000.[1] Floyd has not shown that a federal question is at issue, because the allegation of racial discrimination and the claims under the Truth and In Lending Act have not been sufficiently pled to establish subject matter jurisdiction.

A.    The Standard of Review for Lack of Subject Matter Jurisdiction Arguments.

The burden to prove that subject matter jurisdiction has been met is left to the plaintiff. Argos v. Orthotec LLC, 304 F.Supp.2d 591, 593 (D.Del. 2004). There are two type of objections to subject matter jurisdiction when a challenge has been made that the plaintiff has failed to state a federal claim is at issue. Id. The first type of objection is a facial claim, where the party opposing subject matter jurisdiction is contesting the sufficiency of the pleading, and the trial court has to accept the complaint's allegations as true. Kordus v. Biomark International, LLC., 224 F.R.D. 590, 592 (D.Del. 2004). The second type of attack is a factual claim, where the court may examine factors outside the complaint. Medtronic Vascular, Inc. v. Boston Scientific Corp., 348 F.Supp.2d 316, 321 (D.Del.

_____

[1]

Floyd has claimed various amounts during the pendency of this action. Originally, Floyd sought a range of damages from $14,348 - $24,348. See Complaint, attached hereto as Appendix A3-A8. (D.I. 1). In Floyd's more definite statement, damages of $20,000 were prayed. See More Definite Statement, attached hereto as Appendix A9-A13. (D.I. 7).

2004).

If the defendant has not filed an answer, the court shall deem the subject matter jurisdiction challenge as a facial attack.  <u>Argos</u>, 304 F.Supp.2d at 593.  A dismissal under a facial attack is warranted where the plaintiff's claims are "clearly...immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous." <u>Id.</u> (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1408-09 (3d. Cir. 1991)(quoting <u>Bell v. Hood</u>, 327 U.S. 678, 682 (1946).  Standing to bring a suit in federal court cannot be "inferred argumentatively" from the allegations in a pleading, but the basis for jurisdiction must be clear from the pleadings.  <u>Id.</u> (citations omitted.)

B.     <u>Floyd Has Failed to Sufficiently Plead a Claim of Discrimination to Invoke Subject Matter Jurisdiction.</u>

Floyd has failed to set forth specific facts to support allegations of racial discrimination pursuant to 42 U.S.C. § 1981 ("§ 1981) ; therefore, this court should find that the claim sets forth nothing more than mere speculative allegations that are used solely for the purpose of obtaining jurisdiction within this Court and is nothing more than a frivolous claim.  See <u>Argos</u>, 304 F.Supp.2d at 593.

A claim for racial discrimination under § 1981 is a claim that a person has been deprived of certain liberties enjoyed by white citizen.  Liability may not be imposed under § 1981 for racial discrimination unless the plaintiff has proof of *actual and intentional* discrimination.  <u>Gen. Bldg. Contractors Assoc. v. PA United Engrs. and Constructors, et.al.</u>, 452 U.S. 375, 376 (1982).  To find that a federal question is at stake simply based upon the citing of a New York Times Article, without the allegation of any specific discrimination that was made against the plaintiff *himself* would be outside of the intention of 28 U.S.C.§ 1331 and § 1981.  See <u>Gen. Bldg. Contractors Assoc.</u>, 452

U.S. at 376.

Floyd's more definite statement does not make any reference to racial discrimination, only furthering the argument that the racial discrimination claim is without merit and not the true essence of his claim. Here, the plaintiff on his own volition, thereby acknowledging the deficiencies in his complaint, filed a more definite statement. A more definite statement is to be supplied when the plaintiff's complaint is so deficient in facts, that the defendants can not make adequately frame a responsive pleading. Sefton v. Jew, 204 F.R.D. 104, 106 (W.D.TX. 2000). Floyd's more adequate statement does not even assert any type of racial discrimination. See A9-A13. A supplemental pleading which does not assert racial discrimination indicates that racial discrimination is not a central component of the case, but is a frivolous attempt to obtain federal court jurisdiction. See Argos, 304 F.Supp.2d at 593.

The allegation against SN for racial discrimination is frivolous, unsubstantiated by any evidence, and is only made in attempt to obtain federal jurisdiction. Jurisdiction must be clear on the face of the pleadings, and Floyd has failed to assert jurisdictional grounds based on § 1981.

      C.    Subject Matter Jurisdiction Cannot Be Found Based on Floyd's Claim Under the Truth In Lending Act.

The Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") was a congressional designation to protect individual consumers and "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit ..." 15 U.S.C. § 1601(a). A properly pled claim under the TILA should allege that the defendant failed to "provide notice of the right of recision" or failed to make mandatory disclosure statements. Graves v. Tru-Link Fence Co., 905 F.Supp. 515, 521 (N.D.Ill. 1995); Vietnam Veterans of American, Inc. v. Guerdon Industries, Inc., 644 F.Supp. 951, 961-62

(D.Del. 1986).

While notice pleading is used in the Federal Courts, bare assertions and legal conclusions without factual support will not satisfy the liberal pleading requirement. Advocacy Org. For Patients and Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 319 (6th Cir. 1999). The plaintiff in this case has failed to allege a failure to disclose material credit terms. Vietnam Veterans, 644 F.Supp. at 961-62 (dismissing plaintiff's claims for a lack of TILA violations in complaint.) Floyd has done nothing more than make assertions without any factual support. Floyd states in his complaint and he was "discouraged" from a purchase, but never states that he was not adequately informed about his lease agreement or that SN, GMAC, or Sun Trust Bank failed to make necessary disclosure statements about his lease agreement. See A3-A13. Floyd has made no attempt to present facts that support a claim for TILA claims. See Elsenrath v. Standard Federal Bank, 2002 Federal 1007987 (6th Cir.) Where the plaintiff's claims are not sufficiently pled to establish a federal claim, the trial court should find that it does not have subject matter jurisdiction under Rule 12(b)(1). Argos, 304 F.Supp.2d at 593. The complaint does not assert any basis or facts that would allow Floyd to be successful on a claim based on the TILA; therefore, the complaint should be dismissed for lack of subject matter jurisdiction as Floyd has failed to allege a federal claim. See McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232, 246 (1980)(stating "it is axiomatic that a complaint should not be dismissed unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'")(citations omitted).

## <u>CONCLUSION</u>

For the reasons set forth herein, the defendant Saturn of Newark hereby moves this honorable Court to grant its Motion to Dismiss for lack of personal jurisdiction due to insufficient service of process, failure to perfect service within 120 days, and insufficiency of process, or in the alternative, dismiss the complaint for lack of subject matter jurisdiction.

## CERTIFICATE OF SERVICE

I, DANIELLE K. YEARICK, ESQUIRE, certify that I have deposited in the mailbox at 300 Delaware Avenue, Wilmington, Delaware, on this _____ day of April, 2005, true and correct copies of the attached document, addressed to:


Robert T. Floyd

511 S. 4th Street

Darby, PA 19023

Plaintiff


Linda Richenderfer

Saul Ewing LLP

222 Delaware Avenue, Suite 1200

P.O. Box 1266

Wilmington, DE 19899-1266

Attorney for General Motors Acceptance Corporation


/s/ Danielle K. Yearick_____

DANIELLE K. YEARICK

TYBOUT, REDFEARN & PELL

300 Delaware Avenue, 11th Floor

P.O. Box 2092

Wilmington, DE 19899-2092

(302) 658-6901