# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:04-cv-00944-JJF

Floyd v. Saturn of Newark, et al
Assigned to: Honorable Joseph J. Farnan, Jr.
Demand: $35000
Cause: 15:1601 Truth in Lending

Date Filed: 08/16/2004
Jury Demand: None
Nature of Suit: 371 Truth in Lending
Jurisdiction: Federal Question

**Plaintiff**

Robert T. Floyd

represented by Robert T. Floyd
Robert Floyd, Pro se
511 S. 4th St.
Colwyn, PA 19023
610-522-5447
PRO SE

V.

**Defendant**

Saturn of Newark

represented by Danielle K. Yearick
Tybout, Redfearn & Pell
300 Delaware Ave. #1110
P.O. Box 2092
Wilmington, DE 19899
(302) 658-6901
Email: dyearick@trplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

General Motors Acceptance Corp.

represented by Linda Richenderfer
Saul Ewing LLP
222 Delaware Ave #1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800
Email: lrichenderfer@saul.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2004 | 1 | COMPLAINT filed. Magistrate Consent Notice & Rule 4 to Pltf. FILING FEE $ 150.00 RECEIPT # 136689 (mwm) (Entered: 08/17/2004) |
| 08/16/2004 |   | SUMMONS(ES) issued for Saturn of Newark, General Motors Acceptance Corp. (mwm) (Entered: 08/17/2004) |

| | | |
|---|---|---|
| 08/25/2004 | 2 | CASE assigned to Judge Joseph J. Farnan Jr. . Notice to all parties. (rjb) (Entered: 08/25/2004) |
| 09/01/2004 | 3 | NOTICE of attorney appearance for Saturn of Newark by Danielle K. Yearick, Esq. (dlk) (Entered: 09/02/2004) |
| 09/07/2004 | 4 | MOTION by General Motors Accep with Proposed Order to Dismiss Answer Brief due 9/21/04 re: [4-1] motion (afb) (Entered: 09/08/2004) |
| 09/07/2004 | 5 | Opening Brief Filed by General Motors Accep in supp. of its [4-1] motion to Dismiss - Answer Brief due 9/21/04 (afb) (Entered: 09/08/2004) |
| 09/07/2004 | 6 | Application for Oral Argument by General Motors Acceptance re: DI #4. (afb) (Entered: 09/08/2004) |
| 09/10/2004 | 7 | Admission of Facts by Robert T. Floyd (afb) (Entered: 09/13/2004) |
| 09/28/2004 | 8 | Renewed MOTION by General Motors Accep with Proposed Order to Dismiss Answer Brief due 10/12/04 re: [8-1] motion (afb) (Entered: 09/29/2004) |
| 09/28/2004 | 9 | Opening Brief Filed by General Motors Accep in supp. of General Motors Acceptance Corp.'s [8-1] motion to Dismiss - Answer Brief due 10/12/04 (afb) (Entered: 09/29/2004) |
| 09/28/2004 | 10 | Application for Oral Argument by General Motors Accep on its Renewed Motion to Dismiss. (afb) (Entered: 09/29/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/21/2005 15:29:36 | | | |
| PACER Login: | tr0024 | Client Code: | floyd v. saturn-dky |
| Description: | Docket Report | Search Criteria: | 1:04-cv-00944-JJF Start date: 1/1/1970 End date: 4/21/2005 |
| Billable Pages: | 1 | Cost: | 0.08 |

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of __DELAWARE__

Robert T. Floyd

V.

Saturn of Newark

SUMMONS IN A CIVIL CASE

CASE NUMBER: 04-944

TO: (Name and address of Defendant)

Saturn of Newark
1801 Ogletown Road
Newark, DE. 19711

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert T. Floyd
511 S. 4th St.
Colwyn, PA. 19023

an answer to the complaint which is served on you with this summons, within 20-30 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**PETER T. DALLEO**

CLERK

AUG 16 2004

DATE

E. Evette Watson

(By) DEPUTY CLERK

A3

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert T. Floyd

**DEFENDANTS**
Saturn of Newark (Delaware)
General Motors Accep. Corp.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Same as Plantiff

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of contract, leased motor vehicle.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
N/A
JUDGE _____
DOCKET NUMBER _____

DATE August 6, 2004
SIGNATURE OF ATTORNEY OF RECORD
Robert J. Floyd

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

---

Robert T. Floyd, Plantiff

vs                                Civil Action #

Saturn of Newark,

The General Motors Acceptance Corp., Defendants

---

This action is brought pursuant to 15 U.S.C. sec. 1601 et seq.
Chapter 5, F.T.C. reg. M
6,7 U.C.C. art. 2

Jurisdiction exists pursuant to 28 U.S.C. sec. 1336.

Plantiff resides at:  511 S. 4th Street
                      Colwyn, PA. 19023
                      610-522-5447

Defendant's business: Saturn of Newark
                      1801 Ogletown Road
                      Newark, DE. 19711

Defendant's business: General Motors Acceptance Corp.
                      200 Renaissance Center
                      Detroit, MI. 48265


This is to petition this honorable court for relief and redress due to oppressive billing by The General Motors Acceptance Corp. (GMAC) of three-thousand forty-seven dollars ($3,047). The forgoing a consequence of breach of contract by Saturn of Newark (Delaware) who has engaged in discriminatory lease and sales practices of motor vehicles resulting in ascertainable loss.

Plantiff is of African-American ancestry, a former Philadelphia Police Officer, Federal Bureau of Prisons Officer, and CIA Officer with an exemplary record. Specifically, in May 2001, Plantiff leased an 2001 L-200 Saturn, painted berry red from Saturn of Newark for a period of thirty-nine (39) months, culminating in August 2004. In February 2004, Plantiff investigated the option to purchase the vehicle outright, however Plantiff was dissuaded by an agent of Saturn of Newark.

1) On May 27, 2004 Plantiff was again discouraged from purchase of the 2001 L-200 vehicle, while encouraged by Saturn of Newark to enter into a purchase contract with Sun Trust Bank of Richmond, VA. for an 2004 L-300 model painted gold.

p. -2- Floyd vs Saturn of Newark/GMAC

2) On June 2, 2004 and June 3, 2004 Plantiff forwarded letters to GMAC stating a desire to purchase the 2001 L-200 Saturn in response to GMAC's outrageous demand for $3,047 for mileage. Mileage is a moot issue had specific performance not been discarded.

3) On June 10, 2004 Plantiff returned the 2004 L-300 Saturn painted gold to Saturn of Newark, notifying Sun Trust Bank of his desire to cancel the purchase contract.

4) In a letter dated June 10, 2004 GMAC informed Plaintiff that the 2001 L-200 Saturn has been sold, while repeating a demand for money.

5) On June 14, 2004 Plantiff returned to Saturn of Newark, taking delivery of an 2004 L-300 model painted berry red with a purchase contract by Sun Trust Bank.

6) Plantiff was subjected to further purposeful discrimination by Saturn of Newark since two (2) loans with Sun Trust Bank ran concurrently until the initial loan for the gold 2004 L-300 fell into late status damaging Plantiff's credit rating.

7) Plantiff was subjected to further purposeful discrimination by Saturn of Newark with regard to the finance of the 2004 L-300 painted berry red. A "New York Times" business section piece regarding a study on blacks paying more than whites for auto loans, dated July 28, 2004 states: "The General Motors Acceptance Corporation and Ford Credit limit dealer markups to 2.5 percentage points for loans up to five years and 2 percentage points for longer loans." Saturn of Newark processed Plantiff's loan through Sun Trust Bank at an annual percentage rate of 6.25% for six (6) years.

8) Plantiff maintained his leased 2001 L-200 Saturn in immaculate condition, with vehicle's complete service history on-file at Saturn of Newark. Vehicle was recently fitted with new set (4) General "Ex-Claim" tires. Plantiff paid twenty-nine (29) payments at $290.77 and six (6) payments at $311.26 totalling $10,299.89. Monthly payment was increased by GMAC from $290.77 to $311.26 as a consequence of Plantiff's move from Delaware to Pennsylvania.

9) Goods leased to consumers are covered by chapter 5 of the Truth in Lending Act and FTC's regulation M, as long as the lease lasts four (4) months or longer.

10) The estimated residual value of an 2001 L-200 Saturn is $6,652 according to recent ads in Philadelphia, New York, and Wilmington newspapers.

P. -3- Floyd vs Saturn of Newark/GMAC

11) Cost to Plantiff for new 2004 L-300 Saturn is $21,000 at 6.25% annually for six (6) years, or $31,000 over the course of the loan. Ascertainable loss for Plantiff is therefore $14,348 to $24,348 as a consequence of breach of contract.

12) The Superior Court has recognized that consumer protection law claims can be based on acts such as breach of contract that do not involve fraudulent conduct. Skurnowicz vs Lucci, 798 A. 2nd 789 (Pa. Super. 2002).

13) The conduct of Saturn of Newark and subsequently GMAC is malicious, wanton, willful, and oppressive. Outrageous conduct is a sufficient basis for treble damages. Johnson vs Hyundai Motors America, 698 A. 2nd 631 (Pa. Super. 1997).

Wherefore, Plantiff prays the court finds nonperformance of contract, thereby denying him the option to purchase the 2001 L-200 Saturn. To that extent, such conduct is shockingly unfair, unconscionable, and awards damages calculated by subtracting the actual dollar position as a result of the breach from the Plantiff's projected dollar position had performance occurred. As a consequence of the foregoing, Plantiff has suffered extreme mental pain, distress, and humiliation. He therefore prays for additional relief as the court deems necessary and proper.

I respectfully declare under penalty of perjury that the forgoing is true and correct.

DATED: August 16, 2004

Robert T. Floyd

Floyd vs Saturn of Newark/GMAC

EXHIBITS

I. Receipts for payment on leased 2001 L-200 Saturn.

II. Letter dated June 2, 2004 to GMAC.

III. Letter dated June 3, 2004 to GMAC.

IV. Letter to Sun Trust Bank dated June 4, 2004.

V. Letter from GMAC dated June 10, 2004.

VI. Letter to GMAC dated June 28, 2004.

VII. Letter to Sun Trust Bank dated August 2, 2004.

VIII. Purchase contract for 2004 L-300 Saturn.

IX. Articles from New York Times & Philadelphia Inquirer datedJuly 28, 2004 regarding auto lending practices.

X. Residual value 2001 L-200 Saturn, from various newspapers.

XI. Letter to Office of the Comtroller dated July 21, 2004 and reply.

XII. Letter to Department of Banking dated July 31, 2004 and reply.

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Robert T. Floyd, Plantiff

vs                                              CA 04-0944-JJF

Saturn of Newark,

General Motors Acceptance Corp. (GMAC), Defendants

Pursuant to rule 12(e) of the Federal Rules of Civil Procedure,

MORE DEFINITE STATEMENT, the attached written admission of facts is respectfully submitted.

Copies forwarded via first class mail to:

Danielle Yearick, Esq.
Tybout, Redfearn & Pell
300 Delaware Avenue
Wilmington, DE. 19899
Counsel for Defendant
Saturn of Newark

Linda Richenderfer, Esq.
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE. 19899
Counsel for Defendant
GMAC

SEP 1 3 2004

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

ROBERT T. FLOYD

VS

SATURN OF NEWARK, et. al.          CA 04-0944

The Honorable Joseph J. Farnan Jr.

This is a case about purchasing or operating a car that I do not want, and being forced to pay for that car with hard-earned cash, throwing freedom of choice to the wind as a consequence of breach of contract, and compounded by finincial oppression from a third party. In February 2004, I went to Saturn of Newark, to express my interest in purchasing the leased 2001 L-200 model painted berry red I had taken from the dealer in May 2001. The lease extended for a period of thirty-nine (39) months, concluding in August 2004. At Saturn of Newark, salesman Ray Childs stated he would telephone GMAC to ascertain the selling price of the vehicle. Upon returning to the customer waiting area, Mr. Childs remarked: "GMAC wants $12,000 for the vehicle." Childs further stated that the price was "Too much." Childs concluded that I need not worry about the vehicle's mileage, and that I would receive a letter from GMAC once I had only five (5) lease payments remaining. The letter would excuse those payments should I purchase a new car. On May 27, 2004 my fiance' accompanied me to Saturn of Newark since only four (4) lease payments remained and I had not received the letter from GMAC Mr. Childs previously spoke of. Childs stated he would place another call to GMAC, since I

Case 1:04-cv-00944-JJF   Document 13-2   Filed 04/26/2005   Page 11 of 13

Pg. -2- Floyd vs Saturn of Newark, et al. CA 04-0944

was undecided as to whether I wanted to purchase my leased car, or buy a new one under the conditions Mr. Childs previously described. Mr. Childs returned to the showroom where he began to cajole or deceive with soothing words and false promises. First he informed me that the remaining payments had been waived by GMAC, and that based on my credit rating, I could drive home in a new 2004 L-300 Saturn painted gold. After completing all of the documents for the sale, and taking a photo of my fiance' and I standing at the car, Childs finally stated that I may have to pay for excess mileage on the 2001 Saturn. Childs did not say how much that would be, nor did I sign any documentation pertaining to the mileage on the 2001 Saturn. Upon arriving at home with the new car, I received a call from GMAC seeking the payment on the leased car. At that point, I realized GMAC had not been made aware of the transaction for the new car. GMAC subsequently informed me that I must pay three-thousand forty-seven dollars ($3,047) for excess mileage. I had taken the new vehicle on Thursday May 27, 2004. On Wednesday June 2, 2004 I forwarded the first of two (2) letters to GMAC stating my desire to re-obtain the 2001 L-200 Saturn. Paragraph #20 of the lease states: "Option to buy the vehicle: you have an option to buy the vehicle only at scheduled lease end." In my letter to GMAC dated June 3, 2004 I state: "I have a legal right under the fixed term agreement on the 2001 Saturn, to possess that car until August 04. Please arrange to have the vehicle picked-up and forward the payment coupon. I will

Pg -3- Floyd vs Saturn of Newark, et al. CA 04-0944

excercise my option to purchase at lease-end." This was two (2) business days after taking the new car. No reply was received of either letter. On June 10, 2004 I returned to Saturn of Newark, parking the new car on their lot, notifying Sun Trust bank that I did not want this car, and returning home without a vehicle. I visited other auto dealers in Philadelphia and Ardmore, PA. shopping for a car. However, I was turned-away since an existing new car loan appeared on my credit report. My requests to re-obtain the leased 2001 Saturn were ignored, and I was informed the vehicle had been sold in a letter from GMAC dated June 10, 2004. Therefore under coercion, i.e. the economic power to compel me to submit to the wishes of Saturn of Newark, I returned to the dealer on June 14, 2004 taking an 2004 L-300 Saturn painted berry red at an A.P.R. of 6.25% for six (6) years with Sun Trust bank. Saturn of Newark had effectively prevented the exercise of free will, by taking full advantage of my weak financial position. Saturn of Newark further damaged my credit rating by holding-open two (2) seperate loans with Sun Trust bank until the first loan for the gold painted 2004 L-300 Saturn fell into late status, while Saturn of Newark unjustly enriched itself through accrued interest. GMAC has no right to claim anything since they ignored my written requests to purchase a vehicle under lease until August 2004. Therefore by selling the vehicle in a letter dated June 10, 2004 a breach of contract has occurred. I had signed nothing pertaining to mileage on

Pg. -4- Floyd vs Saturn of Newark, et al. CA 04-0944

the 2001 Saturn. However, on August 27, 2004 I received a document from the Pennsylvania Department of Banking that had been forwarded to them by GMAC regarding mileage on the 2001 L-200 Saturn. THAT DOCUMENT IS A FORGERY.

Wherefore, Plantiff prays for relief with respect to GMAC's claim, and seeks actual damages of twenty-thousand dollars ($20,000) since defendants acted with recklessness, malice, and deceit in the interest of justice.

Respectfully Submitted,

Robert T. Floyd
511 S. 4th Street
Colwyn, PA. 19023
610-522-5447


c.c. Danielle Yearick, Esq.
Tybout, Redfearn & Pell
300 Delaware Avenue
Wilmington, DE. 19899
Counsel for Saturn of Newark

c.c. Linda Richenderfer, Esq.
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE. 19899
Counsel for GMAC