LAW OFFICES

# TYBOUT, REDFEARN & PELL

B. WILSON REDFEARN
RICHARD W. PELL
DAVID G. CULLEY
SHERRY RUGGIERO FALLON
FRANCIS X.D. NARDO
JOHN J. KLUSMAN
DANIELLE K. YEARICK
DENNIS J. MENTON

300 DELAWARE AVENUE
11TH FLOOR
P.O. BOX 2092
WILMINGTON, DELAWARE 19899-2092
(302) 658-6901

TELECOPIER
658-4018

SUSAN A. LIST
ROBERT M. GREENBERG
TIMOTHY S. MARTIN

Of Counsel:
F. ALTON TYBOUT

December 14, 2005

Judge Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Lockbox 27
Wilmington, DE 19801

Re: **Robert Floyd v. Saturn of Newark**
C.A. No. 04-944

Dear Judge Farnan:

Pursuant to Local Rule 7.1.2(c), please consider the following submission of subsequent authority when reviewing Saturn of Newark's Motion to Dismiss, which was filed on April 26, 2005. On July 11, 2005, this Court granted General Motors Acceptance Corporation's ("GMAC") Motion to Dismiss in the present action. See Memorandum Opinion, Floyd v. General Motors Acceptance Corp., C.V. 04-944, Farnan, J (July 11, 2005).

This Court's holding regarding GMAC's Motion to Dismiss held that Mr. Floyd failed to plead an amount of damages in excess of $75,000 and failed to produce sufficient evidence to satisfy a claim related to the jurisdictional amount. Id. at 7. Furthermore, this Court held that "Mr. Floyd has failed to state a claim pursuant to the [Truth in Lending Act]." Id. at 10. The Court could not find any allegation in the complaint where the defendants failed to disclose terms in the lease agreement at the time the parties entered into the lease agreement. Id. at 10-11. Mr. Floyd's action is a breach of contract, which does not involve a federal question. Id. at 11.

This Court's July 11, 2005, Order further supports Saturn of Newark's Motion to Dismiss for lack of subject matter and personal jurisdiction, as Saturn of Newark argued that this Court lacked subject matter jurisdiction, because the amount in controversy did not exceed $75,000 and a federal question of law had not been sufficiently pled. Saturn of Newark contends that Mr. Floyd failed to set forth a claim under the Truth in Lending Act, because he did not plead that Saturn of Newark failed to disclose any material terms in the lease agreement. This Court stated "Mr. Floyd has alleged *no facts* whereby relief

could be granted pursuant to the [Truth in Lending Act] or Regulation M under any set of facts that could be proved consistent with Mr. Floyd's allegations." Id. at 11 (emphasis added).

Further, this Court acknowledged that Mr. Floyd's vague reference to discrimination was not sufficient under the ECOA, because he failed to plead that he was denied credit due to his membership of a protected class. Id. at 13. Mr. Floyd has not alleged any facts to support a finding that Saturn of Newark deprived him of a right based upon his membership as part of a protected class. Id.

Mr. Floyd has failed to seek an amount in excess of $75,000, set forth any allegations that Saturn of Newark violated the Truth in Lending Act, Equal Credit Opportunity Act, or any claim for discrimination. As such, Saturn of Newark respectfully asserts that this Court's July 11, 2005, decision as to GMAC's Motion to Dismiss supports a finding in favor of Saturn of Newark's Motion to Dismiss for lack of subject matter jurisdiction.

Respectfully Submitted,

for Danielle K. Yearick

DANIELLE K. YEARICK, I.D. #3668
Attorney for Saturn of Newark